**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| BRUCE PETRICCA | ) | |
| | ) | |
| PLAINTIFF | ) | CASE NO. 9:23-cv-81581-XXXX |
| | ) | |
| | ) | |
| VS. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SAXONY CONDOMINIUM | ) | |
| ASSOCIATION, INC., TODD | ) | |
| HOOPER, CARMINE COLELLA, | ) | |
| BARBARA FLANICK AND ALICE | | |
| ZAZZMAN, | | |

DEFENDANTS.

## VERIFIED COMPLAINT

Bruce Petricca ("Plaintiff") who by and through the undersigned counsel files this

Complaint against Saxony Condominium Association, Inc. ("Defendant" and or "Saxony"),

Todd Hooper, Carmine Colella, Barbara Flanick and Alice Zazzman and alleges as follows:

1. This is an action at law and in equity against Defendants to address deprivation of rights, privileges and immunities secured by the Federal Fair Housing Act, 42 U.S.C. §3604, §3613, and the Florida Fair Housing Act, Chapter 760.23 *et seq.*, Florida Statutes, and for unlawful denial of reasonable accommodations to Plaintiff, a disabled individual, as well as related civil torts committed against Plaintiff for defamation of character.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction and venue over this action pursuant to 42 U.S.C. §3613(a) and 28 U.S.C. §1331, §1343(a), and §§2201-2202. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367 to address violation of Plaintiff's rights under state law, which arise under the same nucleus of operative facts and circumstances as Plaintiff's federal cause of action.

3. Venue is appropriate in this District pursuant to 28 U.S.C. §1391, as Defendant, Saxony Condominium Association, Inc. is a condominium association located in this District, and all acts and transgressions giving rise to the cause of action herein occurred in this District, and all individual defendants reside in this district.

**PARTIES**

4. At all times material hereto, Plaintiff, Bruce Petricca, was and is a resident of Palm Beach County, Florida, over the age of 18 years, *sui juris*, and an individual with significant functional impairments and conditions which substantially limit one or more major life activities. Plaintiff suffers from multiple aliments including oxygen deprivation, AFib, congestive heart failure, severe cardiomyopathy (pacemaker), severe restricted breathing disorder, asthma, liver and pancreatic failure, Cdiff, microscopic ulcerative colitis upper colon, and bleeding in the lower colon, Severe Diabetic Neuropathy whereby walking and balance are severely affected, psoriatic arthritis and psoriasis, and Plaintiff as a result of these conditions is morbidly obese to a degree that it substantially affects life activities and his weight falls under the ADA.

5. Plaintiff also identifies as a homosexual.

6. Defendant Todd Hooper is an individual *sui juris* and resides at 638 Saxony N, Delray Beach FL 33446 in Palm Beach County, Florida.

7. Defendant Carmine Colella is an individual *sui juris* and resides at 462 Saxony J Delray Beach FL 33446 in Palm Beach County, Florida. Defendant Carmine is also a director of defendant, Saxony.

8. Defendant Alice Zazzman is an individual *sui juris* and resides at 644 Saxony N, Delray Beach FL 33446 in Palm Beach County, Florida. Defendant Alice is also a director of defendant Saxony.

9. Defendant Barbara Flanick is the Treasurer of the association and resides at 449 Saxony J, Delray Beach, FL 33446.

10. Defendant Saxony Condominium Association, Inc., was and is a Florida not-for-profit corporation and a condominium association located and doing business in Palm Beach County, Florida with a principal address of 12270 SW 3rd Street, Suite 200 Plantation, FL 33325.

11. Plaintiff has a "disability" as that term is defined under the Americans with Disabilities Act, the Fair Housing Act and the Rehabilitation Act of 1973.

12. Plaintiff resides at 98 Saxony C Delray Bch, FL 33446 which is governed by the Defendant Association.

13. Plaintiff is a unit owner and member of the Association.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. The current board of the association contains a number of people who could be properly defined as "homophobes" as well as people who have "weight bias" and "sizeism" issues.

15. Plaintiff Mr. Petricca is both "gay" and "morbidly obese", and as a result has suffered extreme forms of discrimination, hate speech, and stalking, both because of his protected weight related disabilities, as well as his sexual preference.  These attacks have included denial of the right to participate in the community, attacks designed to get him to leave the community, attacks designed to drive him from the community and to alienate him from members of the community by false accusations of heinous crimes, and denial of basic accommodations needed to allow for the provision of medical services.

16. Board members of the community, and in some cases individuals acting with board prompting and board encouragement have willfully and intentionally discriminated against Plaintiff by engaging in a plethora of hateful, abhorrent, and discriminatory manners to interfere with his enjoyment of the community and right to participate in its government and use its facilities, to intentionally and adversely interfere with his health, and to maliciously defame him, as well as interfere with his right to participate in the community and community events including elections to the board. A summary of said acts include but are not limited to;

   a. Going door to door and falsely stating to members of the community that Plaintiff is a "Pedophile", "molests small children", and is on the "sex offender registry". All of which is patently false and has never happened even once in Plaintiff's life. Said acts were committed by Board Member Defendant Alice, as well as Defendant Todd Hooper, and upon information and belief repeated by additional board members.

   b. The following around and loitering around Plaintiff including following him in his car and around the premises with vehicles for the purpose of physically

intimidating the Plaintiff who can barely walk with assistive devices and oxygen. Said actions were taken by Board member Carmine who has an extensive domestic violence history, and by Defendant Todd.

c.  Hate speech including foul language and veiled threats sent to discourage Mr. Petricca from participating in local community government as well as to drive him from the community.  Said actions taken in both a personal capacity and in a representative capacity as a board member, some examples include public written statements by director Carmine published to board members which include "YOU DARE TO COME BACK FOR MORE YOU FAT PIECE OF SHIT?????!!!!!  I TOLD YOU MULTIPLE TIMES ALREADY TO GO FUCK YOURSELF AND **TO DO US ALL A FAVOR AND DIE ALREADY!!!!!!**"{emphasis added} or his statements published to the board and members of the community that "HEY FAT FUCK.  HEY FUCK FACE HOPEFULLY YOU'LL DIE BEFORE THAT EVER HAPPENS!!!!!  I GUESS IT REALLY IS YOUR WILL TO BULLY AND HARASS CERTAIN PEOPLE HERE BEFORE YOU DIE!!!!!  GUESS WHAT JERKOFF????  YOU'RE NOT GOING TO GET YOUR WAY!!!!!  YOU KEEP THREATEN US ALL YOU WANT!!!!!  YOU'RE A LONELY SICK PATHETIC LONER LOSER WHO TALKS A LOT OF SHIT!!!!!  NOT THIS TIME JERKOFF!!!!!" and "LOL!!!!!  YOU'RE SUCH AN ASSHOLE BRUCE!!!!!!  A DYING ASSHOLE AT THAT!!!!!  BUT YOU ALREADY KNOW THAT!!!!!  AND SO DOES THIS BOARD!!!!!  I THOUGHT YOUR LAWYER TOLD YOU TO CEASE AND DESIST COMMUNICATING WITH

THIS BOARD AND I. WE ALL SEE HOW WELL YOU LISTEN WEASEL!!!!!"

d.  Filing of a knowingly false Police Report against Plaintiff and seeking a warrant for his arrest by defendant Barbara.  Defendant Barbara is the association treasurer and took said actions to stop Plaintiff from participating in a lawful recall ballot collection process. Specifically, she called the police and tried to have a warrant put out for Plaintiff's arrest for contacting people in her building for the recall process specified and being properly implemented pursuant to state law.  She **knowingly and intentionally lied to the police** and told them that Bruce was not a part of the Saxony corporation and had no business contacting people in her building.  Not only was Bruce a member, the prior two years he was an executive officer of the corporation, a fact Barbara knew with absolute certainty when she made her knowingly false statements to try and get him wrongfully charged and arrested.

e.  Collectively the board has failed to enforce its governing documents as it relates to protections owed to Plaintiff Bruce Petricca and allows Defendant Todd who is not a legal resident to remain on property even though he does not have homeownership rights and is not 55 years of age as required by the community documents. This willful and selective failure to enforce the documents is intentional and is because of the special role Todd takes in assisting in the harassing of Mr. Petricca whom the board wishes to persecute for his protected classification, and protected disability, and whom the board wishes to deprive the benefits of the community and participation in its governance from. For example,

after following Mr. Petricca around (stalking him), Todd immediately engaged in a conversation with Saxony first vice president, Stephen Grey, Todd then immediately went door-to-door in Plaintiff's community, (buildings C, D, and N), proclaiming that Plaintiff was "a pedophile", "a child molester" and on the "sex offender registry" while alternatively pointing to him and his apartment. Board Member Gray failed to take any action to stop the behavior and sanctioned it by watching and smiling.

f.  The Board has interfered with Mr. Petricca's rights to participate in the community governance.  The board, acting through its management company, willfully and falsely claimed that a quorum was not met with reference to the recently held election/vote for the building C board on December 19, 2023.  This is believed to be intentional because Mr. Petricca is believed to have had a winning majority of votes. Specifically, the management company, at the direction of the board, claimed a requirement of 20 votes out of 48 members to have a quorum to elect new directors and disqualified the vote. Upon information and belief 19 votes were cast and the majority was believed to have been for Mr. Petricca.  Further, the Quorum % was intentionally quoted wrongly to block the vote, as a quorum was met.  Mr. Petricca was also denied his rights to inspect the Ballot, and records guaranteed under state law to further hide and protect the discriminatory action.

g.  The failure to make reasonable accommodations in parking and allocation of guest spaces in accordance with the association documents that has a disparate and negative impact on Plaintiff who is mobility impaired due to heart, oxygen,

and weight issues.  Specifically, 1) Plaintiff requires medical treatment service providers that require access with heavy medical equipment. These providers are not accommodated and cannot find guest parking within a reasonable distance, as a result, over five of them have quit due to the distances the equipment needs to be moved. In an attempt to mitigate this problem, Bruce has had to give up his assigned spot and struggles to cross the parking lot to allow his access providers to move their equipment.  In response, the association has not only failed to make any real accommodation, but has in the past threatened to tow his car from the occupied guest spot,  2) the failure to fairly and properly allocate guest parking through the complex which leaves only one guest spot on Plaintiff's side with 10 spots on the other side of the complex, again forcing medical providers to carry heavy equipment across unreasonable distances.  Proper distribution of the spaces between residences based on density would likely alleviate significant portions of this problem as currently the spots are primarily allocated so that 2/3's of them service only a fraction of the community on the other side and 3) the failure to properly enforce the association regulations regarding parking has a discriminatory and disparate impact on Plaintiff, as the association has in the past a) failed to enforce the number of cars allowed equally against all residents (in one example the association allowed a member who is a friend of a board member to keep five prohibited commercial vehicles on the premises,  b) allowed a guest to take Mr. Petricca's assigned spot while out on a trip with a board member leaving him nowhere to park, and c) fails to enforce the one unit one vehicle rule.

h.  Failing to enforce the association documents or to hold association directors to the standards of behavior therein, as it relates to Mr. Petricca.  For example, the board has failed to take any action regarding the official publication of hate speech and foul language, and threats sent to Mr. Petricca by director Carmine published to board members which include "YOU DARE TO COME BACK FOR MORE YOU FAT PIECE OF SHIT?????!!!!!  I TOLD YOU MULTIPLE TIMES ALREADY TO GO FUCK YOURSELF AND **TO DO US ALL A FAVOR AND DIE ALREADY!!!!!!**"{emphasis added} or his statements published to the board and members of the community that "HEY FAT FUCK. HEY FUCK FACE HOPEFULLY YOU'LL DIE BEFORE THAT EVER HAPPENS!!!!!  I GUESS IT REALLY IS YOUR WILL TO BULLY AND HARASS CERTAIN PEOPLE HERE BEFORE YOU DIE!!!!!  GUESS WHAT JERKOFF????  YOU'RE NOT GOING TO GET YOUR WAY!!!!!  YOU KEEP THREATEN US ALL YOU WANT!!!!!  YOU'RE A LONELY SICK PATHETIC LONER LOSER WHO TALKS A LOT OF SHIT!!!!!  NOT THIS TIME JERKOFF!!!!!" and "LOL!!!!!  YOU'RE SUCH AN ASSHOLE BRUCE!!!!!!  A DYING ASSHOLE AT THAT!!!!!  BUT YOU ALREADY KNOW THAT!!!!!  AND SO DOES THIS BOARD!!!!!  I THOUGHT YOUR LAWYER TOLD YOU TO CEASE AND DESIST COMMUNICATING WITH THIS BOARD AND I.  WE ALL SEE HOW WELL YOU LISTEN WEASEL!!!!!"

**COUNT I:**
**VIOLATION OF THE FEDERAL HOUSING ACT – Against all Defendants**

17. The allegations of paragraphs 1 through 16 are hereby re-alleged as if fully set forth herein.

18. This is an action for injunctive relief and damages pursuant to the Federal Fair Housing Act, 42 U.S.C. §3613, which provides for a civil action to remedy discrimination against disabled persons as provided by 42 U.S.C. §3604 (Section 804 of the Fair Housing Act), and prohibits the discrimination against homosexual persons under 804(b) "sex" in the provisions of services or facilities "To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, **or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."**

19. Pursuant to 46 U.S.C. §3613, if the Court finds that a discriminatory housing practice has occurred or is about to occur, the Court may award Plaintiff actual and punitive damages, as well as injunctive relief.

20. The Plaintiff is an "aggrieved person" as that term is defined pursuant to 42 U.S.C. § 3602.

21. The Defendant Association committed a "discriminatory housing practice", as that term is defined pursuant to 42 U.S.C. § 3602 (Section 804of the Fair Housing Act) by and through the Association's participation in behaviors designed to limit the provisions of services and facilities in connection with plaintiff Bruce Petricca's housing and membership in the condominium association related thereto and designed to drive him out of the community.

22. Plaintiff seeks a permanent injunction against Defendants engaging in discriminatory behaviors as outlined herein.

23. The Defendants' conduct described hereinabove is intentional and malicious, and undertaken with reckless and wanton disregard for Plaintiff's civil rights and health, causing Plaintiff severe emotional and psychological stress and distress, warranting an award of damages.

24. Plaintiff has retained the undersigned counsel to bring this action and is entitled to recover all of his reasonable attorney's fees and costs from the Defendant, pursuant to 42 U.S.C. §3613(c)(2), and other relevant sections.

WHEREFORE, Plaintiff, demands judgment against the Defendant:

(i)  awarding compensatory damages;

(ii) awarding temporary and permanent injunctive relief:

    a.  Prohibiting Defendants, or any person or agent acting on orders or at the behest of any Defendant, from harassing Plaintiff, or interfering with his lawful attempts to run for election.

    b.  Prohibiting Defendants, including any officer, agent, or employee of Defendant, from making false statements, accusing Plaintiff falsely of crimes, stalking, harassing, following, or otherwise intimidating Plaintiff.

    c.  Providing for the fair and equal enforcement of all association documents and regulations on a non-discriminatory basis.

    d.  Providing for a reasonable accommodation in parking for Bruce Petricca.

    e.  Threatening to take, taking, or continuing, any retaliatory or punitive action against Plaintiff including but not limited to communicating, threatening, or charging any monetary amounts due or payable by Plaintiff as a consequence of this lawsuit to any condominium unit or homeowner, except as a special assessment distributed equally amongst all unit owners within the defendant community;

    f.  Requiring Defendant to disseminate a copy of this Court's injunction to all of Defendant's officers, agents, and employees, as well as all owners and residents of the Defendant Association, and to further advise all residents within the condominium property of his/her/their rights and obligations under the Fair Housing Act;

    g.  Requiring that Defendant's employees, agents, property management company(ies) and/or other persons who deal (on behalf of Defendant) with the rental and/or management of housing units within the Defendant condominium be trained as to the terms of the Fair Housing Act, and its implementing regulations;

    h.  Requiring that the Defendant maintain for inspection in it offices, during all regular business hours, by Plaintiff and all other lawful residents of the condominium, copies of the Fair Housing Act, Fair Housing Amendments Act, telephone number for the U.S. Department of Housing and Urban Development for complaints with regards to the Fair Housing Act, and (within 30 days after entry of the permanent injunction in this case) continuing proof of compliance with all terms and conditions set forth by the final permanent injunction fashioned by the Court in this case.

(iii) awarding reasonable attorney's fee and litigation costs pursuant, *inter alia*, to *42 U.S.C. §3613(c)(2); Fla. Stat. §760.35(2);* and

(iv) entering all other relief as is deemed just and equitable under the circumstances presented.

**COUNT II:  DEFAMATION PER SE (against  Defendants Todd Hooper, Alice Zazzman, Carmine Colella, and Saxony)**

25. The allegations of Paragraphs 1 through 16 are hereby re-alleged as if fully set forth herein.

26. In the time period between July 30, 2023, and August 15, 2023, Defendant Todd Hooper went door-to-door in the community, (buildings C, D, and N) and made defamatory statements about Plaintiff being a "pedophile" and being on the "sex-offender registry".

27. On one such day, defendant Todd Hooper was outside Steve Gray's unit 152 in the community.

28. Defendant Todd Hooper then began to shout the following "Bruce Petricca, 98. Saxony C, is a pedophile, he molests small children", "He's on the sex offender registry" "watch the grandkids when they come to visit this year and keep them away from 98 Saxony C".

29. Defendant Todd Hooper then proceeded to drive up and down the community and would stop any residents leaving their home and proceeded to give them the same warning that plaintiff was "on the sex offender registry" and that he is "a pedophile and molests small children".

30. On or about August 10, 2023, Defendant Alice met with Defendant Todd at the mailbox area. Defendant Todd told Defendant and Board Member Alice that Plaintiff was a pedophile and on the sex offender registry, she then took it upon herself as a board member to help warn the community.

31. Defendant Alice, as a board member, thought she should help defendant Todd and then also went around to members of the community she believed had grandchildren who might visit and proceeded to warn them to keep their children away from the "sex offender" and "pedophile".  The exact names of these people to be discovered through discovery.

32.     Plaintiff is not on any sex offender registry and has never engaged in or even been

charged with, any of the distasteful acts alleged above.  Said accusations are without any basis in

truth and were made with the express purpose of viciously and maliciously attacking Plaintiff.

33. Plaintiff Bruce Petricca is also the author of proposed legislation sometimes referred to as the
Condominium Owners Bill of Rights.

34. Defendant Carmine Colella, in addition to repeating the above defamatory statements has
engaged in the harassment and stalking of Plaintiff and in the publication of additional false
and defamatory statements including an internet posting on NextDoor that says:

> "People it's holiday time. Do not allow yourselves to be misled by the "proposed" Kings
> Point Condo Unit Owners Bill Of Rights also known as the "proposed" Saxony Condo
> Unit Owners Bill Of Rights that has been posted on this Nextdoor App for over one week
> now. It is unsanctioned. This unsanctioned "proposed" Bill is really just the rants and
> grievances of just one person here in Kings Point **who has been going around here in
> Kings Point asking for money from people here in Kings Point to help "push" this
> unsanctioned "proposed" Bill through the State hoping to get it to Tallahassee. Do
> not fall prey to this scam! Do not pay anyone for this scam!"** {emphasis added}

35. It is widely known and accepted that the above bill is Plaintiff's, and that Plaintiff is the one
being referenced in the above quote.  The above posting FALSELY STATES that Bruce
Petricca was "asking for money" and **engaged in a "scam"** despite the fact that he has never
asked anyone for any money or contributions and has not engaged in any "scam".

36. The Statements that Plaintiff is "on the sex offender list", "a Pedophile" and "molests small
children" and similar statements made by Defendants are defamatory and per se defamation
falling under both the per se category of **Alleging Criminal Behavior**: Stating that someone

is involved in a crime of moral turpitude, and the **Statements Regarding Chastity** categories of per se defamation.

37. The Statements that Plaintiff engaged in a "scam" are defamatory and fall under the per se category of Alleging Criminal Behavior: Stating that someone is involved in a crime of moral turpitude.

38. Under Florida law, both criminal accusations of felonies, heinous crimes, and sexual misconduct as alleged herein are Defamatory per se and do not require pleading or proving of damages.

39. These defamatory comments were published to third parties as outlined herein and include publication to Steve Gray, Katheryn Brooks, Anne Cunningham, Alice Zazzman and DEPUTY Sheriff ETIENNE, PBSO, Substation 4, among multiple members of the community to be identified through discovery.

40. Defendant Association is responsible for the Publication of the false statement by its director Alice, and Director Carmine.

41. Notice of Intent, Plaintiff intends to file a motion and seek court permission as required to seek punitive damages against defendants.

WHEREFORE, the Plaintiff, Bruce Petricca, demands judgment against the Defendants, for per se damages in an amount to be determined at trial, costs, legal fees and expenses and such other relief as this Court deems just and proper.

**COUNT III:  DEFAMATION (against all defendants)**

42. The allegations of Count II are hereby re-alleged as if fully set forth herein.

43. The Statements that Plaintiff is "on the sex offender list", "a Pedophile" and "molests small children" and similar statements made by Defendants are defamatory.

44. The Statements that Plaintiff engaged in a "scam" are defamatory.

45. The Statements made by Defendant Barbara in filing a knowingly false Police Report against Plaintiff and seeking a warrant for his arrest based on an untrue statement. Barbara **<u>knowingly and intentionally lied to the police</u>** and told them that Bruce was not a part of the Saxony corporation and had no business contacting people in her building despite knowing Bruce was a member, and for the prior two years he was an executive officer of the corporation, a fact Barbara knew with absolute certainty when she made her knowingly false statements to try and get him wrongfully charged and arrested. These knowingly false statements demonstrate "actual malice" and "reckless disregard for the truth" sufficient to overcome any qualified privilege associated with a police report.

46. These defamatory comments were published to third parties as outlined herein and include publication to Steve Gray, Katheryn Brooks, Anne Cunningham, Alice Zazzman and DEPUTY Sheriff, ETIENNE, PBSO, Substation 4, among multiple members of the community to be identified through discovery.

47. Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, the Plaintiff, Bruce Petricca, demands judgment against the Defendants, for damages in an amount to be determined at trial, costs, legal fees and expenses and such other relief as this Court deems just and proper.

## COUNT IV:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (against all Defendants)

48. The allegations of Paragraphs 1 through 16 are hereby re-alleged as if fully set forth herein.

49. The defendants have engaged in behavior that is so extreme and outrageous as to go beyond all bounds of decency.

50. The defendants actively dislike the Plaintiff and intended their misconduct to cause emotional distress in Plaintiff.

51. The defendants' outrageous conduct caused the emotional distress suffered by the Plaintiff.

52. The emotional distress suffered by the Plaintiff is severe and results in physical manifestations that severely effect Plaintiff's health including aggravating his existing medical conditions, as well as causing the vomiting of bile nearly every night, and aggravation of both C-diff and microscopic colitis.

53. Plaintiff's enjoyment of life has been curtailed as he is afraid every time he steps out of his home.

54. No reasonable person should be expected to endure these behaviors.

55. The outrageous conduct by Directors and Officers of Saxony occurred within the scope of their employment and on behalf of Saxony.  Defendant Carmine published hateful comments calling for Plaintiff's demise to the board and in his official Board capacity in multiple emails, The Vice President of Saxony encouraged and stood by grinning as defendant Todd knowingly published false information to the community that Plaintiff was "a sex offender", and a Pedophile" and "molests small children", treasurer of Saxony Barbara, knowingly

published a false police report attempting to get Plaintiff arrested for completely fabricated reasons in order to protect the Saxony Board from a lawful recall vote, and the Board's collective failures to provide reasonable accommodations and otherwise harass Plaintiff and inhibit his ability to participate in community government.

56. Saxony also has vicarious lability for the above action of its officers, and directors as they were acting within the scope of their authority and that their actions were related to their jobs as officers and directors.

57. Notice of Intent, Plaintiff intends to file a motion and seek court permission as required to seek punitive damages against defendants.

WHEREFORE, the Plaintiff, Bruce Petricca, demands judgment against the Defendants, for damages, including in an amount to be determined at trial, costs, legal fees and expenses and such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 26th day of December, 2023.          Respectfully submitted,

*/s/ Neil Bryan Tygar*
Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiff
Bruce Petricca
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:      (561) 455-0280
Facsimile:      (561) 455-0281
Email:          ntygar@me.com
**Secondary E-Mail neiltygarlaw@gmail.com**

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing Complaint, and all the facts alleged therein are true and correct to the best of my/our knowledge and belief.

Executed on this 26th day of December, 2023.

_Bruce Petricca_
Bruce Petricca

Neil Bryan Tygar, P.A.
Attorneys for Plaintiff

By:    _/s/ Neil B. Tygar_
Neil Tygar
Executive Square Plaza
5341 West Atlantic Avenue, Suite 303
Delray Beach, FL 33484
561-455-0280 Phone
561-305-5214 Cellular Phone
561-455-0281 Fax
Florida Bar No. 0911100
**Primary E-Mail Address: ntygar@me.com**
**Secondary E-Mail neiltygarlaw@gmail.com**